## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH
## CIVIL ACTION NO. 5:18CV-P74-TBR

**KENDRICK ELLISON**                                                                                           **PLAINTIFF**

**v.**

**JAMES BEAVERS** *et al.*                                                                                     **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Kendrick Ellison filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court upon initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some of Plaintiff's claims and allow other claims to proceed for further development.

### I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff is a convicted inmate at the Kentucky State Penitentiary (KSP). He names the following KSP personnel as Defendants: James Beavers, identified as an Internal Affairs supervisor; Seth Mitchell, identified as an "IA/Lieutenant"; Melvin O'Dell, identified as a sergeant; James Noland, identified as an "IA/Sergeant"; and Bruce Bauer, identified as a registered nurse. He sues each Defendant in his official and individual capacities.[1]

Plaintiff states that on June 29, 2017, while he was walking by the yard office, he witnessed KSP staff members assaulting inmates at random. He asserts that without warning he was assaulted by Defendants Mitchell, Beavers, and Noland. He states that he was then escorted to the yard office "out of view of security video cameras." Plaintiff maintains that he requested

---

[1] In the section of the complaint form which asks the filer to provide information concerning previous lawsuits dealing with the same facts involved in this action, Plaintiff identified Civil Action No. 5:17CV-36-TBR in response. However, a review of the complaint in that action reveals that it does not in fact involve the same facts as those involved in the instant case.

medical attention from Defendant Bauer. He asserts that Defendant Bauer "told me to shut my black lips. When I kept requesting help, he threatened to have me beaten in the adjacent room." Plaintiff states that Defendant O'Dell then entered the yard office and charged at him violently but was stopped by a non-Defendant lieutenant.

Plaintiff further states that he continued to ask Defendant Bauer for medical help but that Bauer "got so fed up, he instructed Lt. Seth Mitchell and Sgt. Melvin O'Dell to take me in the adjacent room." He states, "Once in the room, behind closed doors in full metal restraints," he was assaulted by Defendants Mitchell and O'Dell. Plaintiff reports that he was then escorted to a segregation unit and placed in a restraint chair for several hours "for no reason" and then given another two hours in the restraint chair by a non-Defendant lieutenant "without incident or justification."

Plaintiff alleges that Defendants violated his rights under the United States Constitution's Eighth and Fourteenth Amendments. He also states that Defendants "failed to protect me under equal protection of law as a U.S. citizen."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

### A. Official-capacity claims

Plaintiff sues all Defendants in their official capacities. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Defendants are employees of KSP and are therefore state employees. Claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, Plaintiff's official-capacity claims against Defendants for monetary damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.

### B. Individual-capacity claims

#### 1. Fourteenth Amendment

Plaintiff alleges violations of his rights under the Fourteenth Amendment. To the extent that he is alleging claims of excessive force or failure to protect under the Fourteenth Amendment, the claims must be dismissed. It is the Eighth Amendment, rather than the Fourteenth Amendment, which is the source of protection for convicted prisoners complaining of excessive force or failure to protect. *See Estelle v. Gamble*, 429 U.S. 97 (1976). Because

Plaintiff was a convicted state inmate at the time of the facts alleged in the complaint, the Fourteenth Amendment claims fail.

Plaintiff also alleges that Defendants failed to protect him "under equal protection of law." Once again, Plaintiff's failure-to-protect claims fall under the Eighth Amendment. The Fourteenth Amendment's Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). To state an equal protection claim, a plaintiff "must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011). The Supreme Court has also recognized what is referred to as a "class-of-one' equal protection claim in which the plaintiff does not allege membership in a particular class or group, but instead alleges that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Davis v. Prison Health Servs.,* 679 F.3d 433, 441 (6th Cir. 2012) (quoting *Vill.of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). However, because Plaintiff makes no allegations that would state a claim under either theory, Plaintiff's equal protection claim must be dismissed for failure to state a claim upon which relief may be granted.

### 2. Eighth Amendment

Upon review, the Court will allow Plaintiff's claims of excessive force and failure to protect under the Eighth Amendment to proceed against all Defendants in their individual capacities for monetary damages and injunctive relief and in their official capacities for

5

injunctive relief only.  The Court will also allow an Eighth Amendment claim of deliberate indifference to Plaintiff's serious medical needs to proceed against Defendant Bauer in his individual capacity for monetary damages and injunctive relief and in his official capacity for injunctive relief only.

## IV. ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that all official-capacity claims for monetary damages are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and/or for seeking relief from a defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiff's claims under the Fourteenth Amendment are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Order Regarding Service and Scheduling Order to govern the claims that have been permitted to proceed.  In allowing the claims to proceed, the Court passes no judgment on their outcome or ultimate merit.

Date:   October 15, 2018

*Thomas B. Russell*

Thomas B. Russell, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.010