# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CIVIL ACTION NO: 5:18-CV-00074-TBR

**KENDRICK ELLISON**                                                                 **PLAINTIFF**

**V.**

**JAMES BEAVERS,** *et al.*                                                          **DEFENDANTS**

## MEMORANDUM OPINION & ORDER

This matter is before the Court upon a Motion by the Defendant, Bruce Bauer, for Summary Judgment. (DN 30). The Plaintiff, Kendrick Ellison, has not responded and the time to do so has passed. The Defendant has also filed a reply to his motion. (DN 36). This matter is ripe for adjudication. Upon consideration of Defendant's submissions and being otherwise sufficiently advised, the Motion for Summary Judgment is **GRANTED.**

## BACKGROUND

Plaintiff is a convicted inmate at the Kentucky State Penitentiary (KSP). He names the following KSP personnel as Defendants: James Beavers, identified as an Internal Affairs supervisor; Seth Mitchell, identified as an "IA/Lieutenant"; Melvin O'Dell, identified as a Sergeant; James Noland, identified as an "IA/Sergeant"; and Bruce Bauer, identified as a registered nurse.

Plaintiff states that on June 29, 2017, while he was walking by the yard office, he witnessed KSP staff members assaulting inmates at random. He asserts that without warning he was assaulted by Defendants Mitchell, Beavers, and Noland. He states that he was then escorted to the yard office "out of view of security video cameras." Plaintiff maintains that he requested medical attention from Defendant Bauer. He asserts that Defendant Bauer "told me to shut my

1

black lips. When I kept requesting help, he threatened to have me beaten in the adjacent room." Plaintiff states that Defendant O'Dell then entered the yard office and charged at him violently but was stopped by a non-Defendant lieutenant.

Plaintiff further states that he continued to ask Defendant Bauer for medical help but that Bauer "got so fed up, he instructed Lt. Seth Mitchell and Sgt. Melvin O'Dell to take me in the adjacent room." He states, "Once in the room, behind closed doors in full metal restraints," he was assaulted by Defendants Mitchell and O'Dell. Plaintiff reports that he was then escorted to a segregation unit and placed in a restraint chair for several hours "for no reason" and then given another two hours in the restraint chair by a non-Defendant lieutenant "without incident or justification."

Plaintiff alleges that Defendant violated his rights under the United States Constitution's Eighth and Fourteenth Amendments. Plaintiff also states that Defendants "failed to protect me under equal protection of law as a U.S. citizen."

On October 16, 2018, this Court conducted an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. Upon initial review, the Court dismissed all of Plaintiff's official-capacity claims for monetary damages. The Court also dismissed Plaintiff's claims under the Fourteenth Amendment for failure to state a claim upon which relief may be granted. The Court allowed Plaintiff's claims of excessive force and failure to protect under the Eighth Amendment to proceed against all Defendants in their individual capacities for monetary damages and injunctive relief and injunctive relief in their official capacities. The Court also allowed an Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical needs to proceed against Defendant Bauer in his individual capacity for monetary damages and injunctive relief and in his official capacity for injunctive relief only.

Now before the Court is Defendant Bauer's Motion for Summary Judgment. Defendant Bauer argues that Plaintiff failed to exhaust the administrative remedies available to him in satisfaction of the PLRA and that there is no genuine dispute of fact that Plaintiff's claims against him fail on the merits. For the reasons stated below, the Court agrees and the Motion for Summary Judgment is **GRANTED**.

**LEGAL STANDARD**

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The Court "may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001); *Ahlers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999)). "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party [*5] must prevail as a matter of law.'" *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251-52).

As the party moving for summary judgment, Defendants must shoulder the burden of showing the absence of a genuine dispute of material fact, as to at least one essential element of Plaintiff's claim. Fed. R. Civ. P. 56(c); *see Laster*, 746 F.3d at 726 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). If Defendants satisfy their burden of production, Plaintiff "must—by deposition, answers to interrogatories, affidavits, and

admissions on file—show specific facts that reveal a genuine issue for trial." *Laster*, 746 F.3d at 726 (citing *Celotex Corp.*, 477 U.S. at 324). Although Plaintiff has not opposed the motion for summary judgment, a verified complaint "carries the same weight as would an affidavit for the purposes of summary judgment." *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008).

## DISCUSSION

Plaintiff has not responded to Defendant's Motion for Summary Judgment and the time to do so has passed. Pursuant to Joint Local Rule of Civil Practice 7.1(c), "[f]ailure to timely respond to a motion may be grounds for granting the motion." *See also Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (recognizing that a party's lack of response to a motion or argument therein is grounds for the district court's grant of an unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Paulmann v. Hodgdon Powder Co., Inc.*, No. 3:13-CV-0021-CRS-DW, 2014 U.S. Dist. LEXIS 114078, 2014 WL 4102354, * 1-2 (W.D. Ky. Aug. 18, 2014) (holding that plaintiff's failure to respond or otherwise oppose defendant's motion to dismiss established that the plaintiff had waived opposition to the motion). Because Plaintiff has failed to oppose Defendant's Motion for Summary Judgment, he waives opposition to the Motion.

Nevertheless, the Court must determine whether Defendant as satisfied his burden under Federal Rule of Civil Procedure 56, which requires the moving party to demonstrate that there is no genuine dispute of material fact and that the moving party is therefore entitled to judgment as a matter of law. *See Miller v. Shore Fin. Servs., Inc.*, 141 Fed. App'x 417, 419 (6th Cir. 2005). Defendant has informed the Court that there is no genuine dispute of material fact regarding

whether Plaintiff completed the jail's internal grievance procedure—including appeals—prior to filing his Complaint with the Court. 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Proper exhaustion requires the exhaustion of available intermediate reviewing authority and final administrative review procedures. *See Booth v. Churner*, 532 U.S. 731, 734-35, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001).

It is necessary to recognize, at this point, that there is some confusion regarding which internal administrative process the Plaintiff should have exhausted in this case. Because Plaintiff is incarcerated at KSP, he must exhaust the remedies afforded to him by the Kentucky Corrections Policies and Procedures ("CPP"). But there are two sections of the CPP that may be applicable to Plaintiff's grievance. First, CPP 14.6 governs the inmate grievance procedure. Plaintiff filed his grievance pursuant to the procedures set forth in CPP 14.6 and used the documents provided by Grievance Aids in connection with CPP 14.6. Grievance Coordinator Dan Smith, however, rejected Plaintiff's grievance before adjudicating it at the informal resolution stage because—Smith claims—it was a non-grievable Adjustment Committee decision. The Court disagrees with Smith and will explain why in greater detail below. But, assuming for the sake of argument that Smith is correct, Plaintiff would be required to exhaust the administrative remedies afforded to him by CPP 15.6. CPP 15.6 governs the Adjustment Procedures and Programs. Like CPP 14.6, CPP 15.6 requires inmates to exhaust internal administrative appeals before filing a federal civil action.

The confusion caused by Smith's rejection is immaterial to the outcome of this case. The Court cannot say with complete certainty whether Plaintiff should have exhausted the administrative appeals available to him by CPP 14.6 or CPP 15.6. And if Plaintiff had completely exhausted the appeals process under either of these Policies, the Court would give Plaintiff the benefit of the doubt and hold that he had properly satisfied the exhaustion requirements of the PLRA. But, as Defendant identifies, Plaintiff did not exhaust the remedies available under CPP 14.6 or CPP 15.6. Therefore, the Court can say with absolute certainty that Plaintiff has failed to satisfy the PLRA's exhaustion requirements. Because Plaintiff did not exhaust the administrative remedies available to him under either CPP 14.6 or CPP 15.6, the Defendant's Motion must be **GRANTED**. Furthermore, because Defendant identifies that Grievance # 17-07-015 is the only grievance Plaintiff filed regarding the alleged June 29, 2017 incident and because all his claims in this action arise out of that incident, it may be proper to dismiss all claims in this action for the same reasons. Therefore, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, the Court shall allow Plaintiff **twenty-one (21) days** from the entry of this Memorandum Opinion & Order to **file his Response Brief** explaining why his claims against the remaining Defendants should not be dismissed for failure to exhaust administrative remedies. **If Plaintiff fails to respond within twenty-one (21) days** or if his response is otherwise insufficient, then the Court will enter an Order & Judgment **dismissing all claims** in this action.

*(I)    Grievance # 17-07-015.*

Plaintiff filed Grievance # 17-07-015 ("the Grievance") on July 6, 2017[1]. (DN 30-3 at 34, PageID # 180). On the Inmate Grievance Information form, Plaintiff circled "Conflict with Staff" as the subject matter of the grievance. *Id.* In the "Brief Statement of the Problem" section of the Grievance, Plaintiff asserts that Defendants assaulted him and other inmates and that Defendant Bauer instructed them to do so. *Id.* at PageID # 181-82. Regarding Defendant Bauer, Plaintiff alleged in the Grievance:

> the Nurse "bruce ballard" participated by encouraging & telling sgt. oDell & (I.A.) L.t. to take me to the back of the yard office where there is no camera's to [indecipherable] me & beat me. This was witness & heard by other staff members who went in the yard office at this time.—However, I was taken to the back & beat on while cuffed & shackled. . . .

*Id.* at PageID # 182. Plaintiff then explains in the Grievance that he was rescued by several non-Defendant prison officials. The Grievance states that these events occurred on June 29, 2017.

The Grievance does not discuss a refusal of medical aid by Defendant Bauer. The only allegations in the Grievance are related to the alleged torturous actions of Defendant Bauer and the other Defendants. Defendant Bauer asserts that Grievance # 17-07-015 is the only grievance that Plaintiff filed regarding the alleged June 29, 2017 incident. Defendant Bauer asserts that "there is no record of Plaintiff having submitted a separate Health Care grievance regarding his claim of inadequate medical treatment by Nurse Bauer on June 29, 2017, as was required by CPP 14.6." (DN 30 at 9). Plaintiff has not responded and therefore does not dispute this allegation. Because Plaintiff does not allege deficient medical care in the only grievance he filed regarding the June 29, 2017 incident, he has not exhausted the administrative remedies available to him with respect to his Deliberate Indifference claims against Defendant Bauer. Therefore, Plaintiff's Deliberate Indifference claims are **DISMISSED.**

---

[1] It appears that Plaintiff completed and signed the Grievance on July 2, 2017 and that it was received on July 6, 2017. This distinction is immaterial to the resolution of this case.

7

Defendant Bauer further alleges that Plaintiff did not complete the appeals process for his Grievance through either CPP 14.6 or the Adjustment Procedures and Programs appeals process contained in CPP 15.6.[2] Again, Plaintiff has waived opposition to this assertion because he did not respond.

(II)  *Grievance Coordinator Smith's rejection of Grievance # 17-07-015.*

It is unclear whether Smith's rejection of the Grievance was proper. Smith rejected the Grievance because, he said, the issue was non-grievable. This appears to be incorrect. According to CPP 14.6(II)(B)(6), personal actions by staff and staff on conflicts are grievable issues. The Court does not understand how the allegations contained in Grievance # 17-07-015 do not fit into one of these two categories. Indeed, Plaintiff marks the subject matter of the Grievance as "Conflict with Staff" on the "Inmate Grievance Information Form." (DN 30-3 at 34, PageID # 180).

On the Grievance Rejection Notice document, Smith indicates that the Grievance is rejected because "[t]he issue you are grieving is non-grievable because it is an: Adjustment Committee decision." *Id.* at PageID # 179. Smith further explained that "Incident Reported in DR 2017-1546 please seek Relief through Adjustment Committee." *Id.* To support Smith's rejection, Defendant Bauer primarily relies on two cases: (1) *Williams v. White*, 724 Fed. Appx. 380 (6th Cir. 2018); and (2) *Jones v. Kentucky Dept. of Corrections*, No. 5:07-CV-P190-R, 2009 WL 3807073 (W.D.

---

[2] With regard to CPP 15.6, Defendant Bauer explains: "When the adjustment Committee reached its decision concerning the matter, it found Plaintiff Guilty of "Eluding or resisting apprehension," and it imposed a penalty of 30 days restrictive housing to run consecutively to the sentence he received for inciting a riot. . . . But while Plaintiff appealed from the Adjustment Committee's decision regarding the charge of inciting a riot, . . . he did not appeal its decision finding him guilty of resisting apprehension. . . ." (DN 30 at 6, PageID # 126).

8

Ky. Nov. 12, 2009). Bauer asserts that these cases stand for the proposition that failure to fully and completely exhaust all appeals process available with regard to an Adjustment Committee investigation bars a derivative civil action pursuant to the PLRA.

Bauer's cases, however, are inapplicable to the matter before the Court. In both *Williams* and *Jones*, the plaintiffs were seeking relief from disciplinary actions. The Adjustment Committee procedures and appeals process set forth in CPP 15.6 govern the PLRA exhaustion requirements in such cases. In this case, on the other hand, Plaintiff's Grievance clearly concerns an alleged assault by prison officials at the direction of a health care worker. Plaintiff is not grieving the outcome of some disciplinary proceeding; he is bringing allegations that Bauer and other prison officials tortured him. While it is true that the Adjustment Committee conducted an investigation arising out of the June 29 events, Grievance # 17-07-015 concerns the underlying events that allegedly occurred on that date and not the investigation that arose from them. Furthermore, Defendant Bauer has not demonstrated to the Court that the existence of a related disciplinary investigation conducted by the Adjustment Committee forecloses on an inmates right to file grievances regarding the facts underlying such an investigation. It seems reasonable that an inmate may file a grievance against a prison official for assaulting him regardless of whether the Adjustment Committee has initiated a related investigation into disciplinary infractions occurring during the same time period.

For these reasons, the Court has serious concerns whether Smith's rejection of the Grievance was proper. But, as explained below, Plaintiff nevertheless is required to have exhausted his appeals related to either the Grievance rejection or the Adjustment Committee decision. Because he exhausted neither the requirements of CPP 14.6 nor CPP 15.6, Plaintiff did not satisfy the requirements of the PLRA and his claims must be dismissed.

(III)   *Plaintiff did not appeal the rejection of Grievance # 17-07-015 through CPP 14.6 or CPP 15.6.*

Plaintiff failed to exhaust the administrative remedies available to him through both CPP 14.6 and CPP 15.6. Because Plaintiff did not exhaust the administrative remedies available to him, the PLRA requires the Court to dismiss the claims against Bauer. Defendant Bauer explains the matter as follows:

> Specifically, Plaintiff's grievance records reflect that Plaintiff submitted a single grievance regarding the alleged events of June 29, 2017. . . . And in that grievance, Plaintiff alleged that Nurse Bruce Bauer (improperly named "Bruce Ballard" in the grievance) encouraged corrections staff to "beat[] and torture" Plaintiff in the Yard Office. . . . Notably, the grievance *did not* allege that Nurse Bauer withheld medical treatment from, or otherwise provided inadequate treatment to, Plaintiff for any serious medical need. . . . Moreover, the grievance . . . was denied as "non-grievable" because it constituted an "Adjustment Committee decision." . . . Plaintiff, therefore, was advised to seek relief through the Adjustment Committee. . . . Plaintiff's claims against Nurse Bauer in this action are thus barred by the PLRA's exhaustion requirement . . . .

(DN 30 at 9, PageID # 128). Plaintiff only filed one grievance related to his claims in this case. That Grievance was rejected by Dan Smith. Plaintiff did not appeal this rejection. Disciplinary proceedings were brought against Plaintiff arising out of the facts underlying Plaintiff's claims. He was found guilty of these charges, but did not properly appeal these findings through the procedures provided by CPP 15.6. Therefore, Plaintiff has failed to exhaust the administrative remedies available to him in satisfaction of the PLRA.

Although this Motion for Summary Judgment (DN 30) was only filed by Defendant Bauer, Plaintiff's failure to exhaust the administrative remedies available to him regarding the June 29 incident appears to foreclose Plaintiff's claims against all Defendants in this action. In other words, Plaintiff failed to pursue any of the avenues for relief available to him regarding his allegations that he was assaulted and tortured on June 29, 2017 and therefore he cannot assert a

10

claim in this Court against anyone for assaulting and torturing him on that date. The PLRA requires proper exhaustion, and it appears that Plaintiff failed to fulfill this requirement. Thus, Plaintiff shall **Respond** within **twenty-one (21) days** and explain why his remaining claims in this action should not be dismissed for failure to exhaust administrative remedies.

**ORDER**

For the foregoing reasons **IT IS HEREBY ORDERED:**

(1) Defendant Bauer's Motion for Summary Judgment (DN 30) is **GRANTED**, all Claims against Bauer are **DISMISSED** and he is terminated from the case; and

(2) Plaintiff shall file a **Response** with the Court within **twenty-one (21) days** of entry of this Memorandum Opinion & Order explaining why his claims against the remaining Defendants should not also be dismissed for failure to exhaust administrative remedies. Failure to Respond or otherwise explain why his claims should not be dismissed shall result in **DISMISSAL** of this action; and

(3) Defendant Bauer's Motion to Dismiss for Lack of Prosecution (DN 37) is **DENIED as moot.**

**IT IS SO ORDERED.**

Thomas B. Russell, Senior Judge
United States District Court

March 25, 2020

CC: PRO SE/COUNSEL OF RECORD

11