UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:18-CV-00074-TBR

KENDRICK ELLISON                                                    PLAINTIFF

v.

JAMES BEAVERS, *et al*.                                           DEFENDANTS

## MEMORANDUM OPINION

Before the Court is Defendant Bruce Bauer's Motion for Entry of a Final Judgment. [DN 39]. Plaintiff has not responded, but more than twenty-one (21) days have passed since Bauer filed his motion. Thus, under this Court's Local Rule 7.1, the motion is ripe for adjudication. For the reasons stated below, the Motion for Entry of a Final Judgment is **DENIED AS MOOT**.


I.      **Background**

Plaintiff Kendrick Ellison is a convicted inmate at the Kentucky State Penitentiary (KSP). He filed the instant *pro se* 42 U.S.C. § 1983 action stating multiple claims and naming numerous KSP employees as defendants. After initial review, the Court allowed some of Plaintiff's Eighth Amendment Claims to proceed. [DN 9]. Defendant Bruce Bauer moved for summary judgment as to the Eighth Amendment claims against him. [DN 30]. The Court granted Bauer's motion, dismissing all claims against Bauer, and terminating him from the action. [DN 38]. The Court also ordered Plaintiff to file a response within twenty-one (21) days of entry of its Memorandum Opinion & Order, [DN 38], explaining why his claims against the remaining Defendants should not also be dismissed for failure to exhaust administrative remedies. *Id*. The Court cautioned that failure to respond or otherwise explain why Plaintiff's claims should not be dismissed would result

1

in dismissal of this action. *Id*. Plaintiff did not comply with that order, and he has had nearly a year to file a response. Plaintiff has not filed anything with the Court in this action for nearly two years. Defendant Bruce Bauer has moved the Court to enter final judgment in this action as to the claims against him under Federal Rule of Civil Procedure 54(b). [DN 39]. Instead of entering final judgment on that claim alone, the Court will also address the remaining claims and their disposal.

## II.   Dismissal for Failure to Prosecute

### a.  Standards

Local Rule 7.1 states that "[u]nless otherwise ordered by the Court, a party opposing a motion must file a response within 21 days of service of the motion. Failure to timely respond to a motion may be grounds for granting the motion." LR 7.1. Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action upon motion of the defendant if a plaintiff fails to prosecute, fails to comply with the Federal Rules of Civil Procedure, or fails to comply with a court order. Fed. R. Civ. P. 41(b). However, a district court may also dismiss an action for failure to prosecute *sua sponte*. *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."); *McDaniel v. Dana Corp.*, No. 19-cv-12926, 2020 WL 7122082, at *1 (E.D. Mich. Dec. 4, 2020) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001)) ("Under Federal Rules of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order."). Courts of the Sixth Circuit consider four factors when determining whether dismissal for failure to prosecute under Rule 41(b) is appropriate:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the

2

dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citing *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Mager v. Wis. Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (citing *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002); *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997)).

### b. Discussion

The Court will dismiss all remaining claims and enter final judgment as to all claims in this action. Under the local rules of this Court, Plaintiff's failure to respond to Bauer's motion provides a sufficient basis for granting Bauer's motion for entry of a final judgment. Further, Plaintiff's failure to comply with the Court's March 25, 2020 Order to file a response explaining why Plaintiff's remaining claims should not also be dismissed is a sufficient basis for dismissing the remaining claims. *Sua sponte* dismissal for failure to prosecute is warranted under the four factors enumerated above. Plaintiff has had ample time to respond and has failed to do so, and thus, the Court is satisfied that Plaintiff's failure to prosecute is his fault. Further, the defendants have been prejudiced by Plaintiff's conduct because they have been required to defend against stagnant litigation through no fault of their own. Further, and most importantly, Plaintiff was warned by the Court that his failure to respond and explain why the remaining claims should not be dismissed would result in dismissal of the remaining claims. Finally, the Court did impose the less drastic sanction of allowing Plaintiff additional time to respond, and he has failed to respond. For these reasons, the remaining claims in this action are dismissed, and the Court will enter final judgment.

### III.    Conclusion

Bauer's Motion for Entry of a Final Judgment, DN 39, is **DENIED AS MOOT**. The remaining claims in this action are **DISMISSED** and the action is **TERMINATED**. The Court will enter a separate Order and Judgment contemporaneous to this Memorandum Opinion.

**Thomas B. Russell, Senior Judge**
**United States District Court**

March 18, 2021

cc: counsel

Kendrick Ellison
243785
KENTUCKY STATE PENITENTIARY
266 Water Street
Eddyville, KY 42038
PRO SE